*101 OPINION of the Court, by
Judge Clark
Lewis Sanders, in an action of detinue, obtained a verdict and judgment in the cour; below agamst William Meredith, jun. for-a negro boy slave named Richard, if to be had, *102 and if not, three hundred, and fifty dollars, his value g from which judgment Meredith appealed to this court.
A gift of a .jiave, to be va. lid agoinil creditors an,d pur-chafcrs,muft be %ccorapaníedby delivery of pof-feffion, & that poííefifion muft remain with do-wee or fome yet fon claiming 'Wider him.
It is alleged the court below erred in proceeding t@ trial and judgment against Meredith, w. o was an in® fant, without appointing a guardian to d' fend for him. And secondly, the court ought to have awarded a net?' trial for the causes shewn by the bill of exception filed in the cause.
It is true an infant can only appear and defend by guardian, and not by attorney, and if he appear bv attorney it is error ; but to authorise this court to inquire into errors of that description, it must be presented in a different shape from the one now before us. It was a matter of fact, inquirabie into in the court below, and the judgment of that court ought to have been obrained thereon. As that has not been done, this court cannot take cognizance of it. The question of infancy did not assume that shape that would authorise a particular investigation of the fact; and what does, appear, came m collaterally under the general issue, whether true or false we cannot determine. The only way he can taka advantage of the error, is by writ of error coram vobis.
From the bill of exceptions it appears Sanders claimed title to the slave in question under a sale made by the sheriff of Fayette county, upon several executions against William Meredith, sen. the father of the defendant. The defendant Meredith claimed title by virtue of a gift from his father of the slave when it was an infant. To constitute a valid gift of the slave, as against creditors or purchasers, under our act of assembly, it is peeessary there should have been an actual delivery, and that the possession should have remained with the do-nee or some person claiming under hint. There ia no jproof as to the delivery of the slave, and the testimony to shew the possession, and the acts of ownership exercised by William Meredith* over the slave, are too equivocal to enable this court to say the court below erred in refusing a new trial.
Judgment affirmed, with costs, and ten per centum o® the amount of damages, for detention of the slave.

 The bril of exceptions ftate* If appeared i/V evldinc# that William Meredith {the elder) had considerable rílate in lands, fiaves and perfonai property* at the time of the alleged gift to his fon Wiüiam Meredith, a»<i «ver ⅜⅝⅞⅝ cn4 that there is no fufpkien §f ⅛⅛ iafolYenejs
*103 William Meredith, fen. and his wife, fwnre, that the fiave ⅛ qneftioá jfnew annul i ne ’•e^rstSo) was given by is id. Mereajth, ten to his ion, William Meredith, jun, when about twelve yea^ oí age j that the doner had refused t‘: exerci’e any ¾£⅜ of own? >ihip over (he (aid flave, corficering him as the property and under the exclufive control of the ít,n, ano < hat he, the do» pur, had fo declared to feverai who wanted to puit haie the boy.
it arpeared in evidence rhar when the ilsve in que ilion was bom the mo« ther was hired out by Meredith, St n. , that generally fince that time íhe hat been hired our, and fhe bov in qm always wtm with and remained with the mother. Meredith, the father, iwme the boy went with the mother by {he permifiion of his infant fon. Three feveral persons who had hired the mother, and Supported the boy along with the n oil er, iw.ue they had neves lieaid of ¡ha ion’s claim until ihortly before the fhersrf ’s ta'.e.
Meredith, the father, had offered to fell the boy to banner?, if they could agree upon the terms This witness Swore he heard nothing of the ion's «.laira Moreoith, the father, Swore he ftateii to the mtmti that he was fieU Sng theke^ro boy by his Ion's penr/iiiion.